[Cite as *State v. Balams*, 2014-Ohio-3253.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 14AP-54 |
| | | (C.P.C. No. 13CR-4090) |
| Khalief Balams, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 24, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Timothy Young*, Ohio Public Defender, and *Charlyn Bohland*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Khalief Balams is appealing from the court order in which the Franklin County Court of Common Pleas, Division of Domestic Relation, Juvenile Branch relinquished jurisdiction over his criminal case and transferred the case to the General Division of the Franklin County Court of Common Pleas. He assigns a single error for our consideration:

> The trial court abused its discretion when it transferred this case for criminal prosecution, in violation of R.C. 2152.12; Fifth and Fourteenth Amendments to the U.S. Constitution, and Article I, Section 10, Ohio Constitution.

{¶ 2} The juvenile court judge who relinquished jurisdiction found that Balams was 16 years old when the conduct alleged in the charging document against him occurred and probable cause existed to believe he committed acts of robbery, aggravated robbery, and aggravated rioting. The judge reviewed a mental examination of Balams; a social investigation done by the probation department of the juvenile branch; Balams' school records; and his prior juvenile court record. The judge indicated she considered the statutory factors set forth in R.C. 2152.12(D) and (E).

{¶ 3} After considering the above, the judge found that Balams was not amenable to care or rehabilitation within the juvenile justice system. The judge also found the safety of the community may require that Balams be subject to adult sanctions.

{¶ 4} Balams later worked out a plea deal in the General Division under the terms of which he pled guilty to two counts of robbery, felonies of the second degree. Balams received a sentence of eight years of incarceration.

{¶ 5} The evidence before the trial court indicates that Balams robbed one person at a bus stop and another person at a public library. Balams was already on probation in the juvenile court when he committed the robberies.

{¶ 6} Counsel for Balams on appeal does not argue that Balams should have been left on the streets of Columbus. Instead, counsel asserts Balams should have been allowed to complete a structured residential placement or at least been sent to the Ohio Department of Youth Services so he could get more specialized treatment for his social and emotional problems. In short, the brief filed on his behalf emphasizes how much better off counsel believes Balams would be if he were left in the control of the juvenile court system. Counsel does not actually argue issues related to the harm done to the victims, including physical and psychological trauma from the assaults and beatings which occurred.

{¶ 7} The brief on his behalf makes little mention of Balams five assault-related offenses before the robberies and of the gang-related fight he was in while he was in custody in the juvenile detention facility awaiting sentencing. The fight happened less than two weeks before Balams' felony sentencing. This fight was after Balams had spent time in the residential treatment program and had supposedly benefited from that program.

{¶ 8}   We cannot find that the juvenile court abused its discretion in binding Balams over for prosecution in adult court.  The sole assignment of error is overruled. The order entered in the juvenile court is affirmed.

*Judgment affirmed.*

BROWN and CONNOR, JJ., concur.

————————————